# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GALLERIA HOTEL INVESTMENTS,** | § | |
| **LLC D/B/A DAYS INN, HOUSTON** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:16-CV-03538** |
| | § | |
| **NORTHFIELD INSURANCE COMPANY** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
<u>**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Northfield Insurance Company, the defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.



**CORPORATION SERVICE COMPANY®**

SOP / ALL
**Transmittal Number: 15862339**
**Date Processed: 11/11/2016**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Pamela Beyer<br>The Travelers Companies, Inc.<br>385 Washington Street,  9275-LC12L<br>Saint Paul, MN 55102 |

| | |
|---|---|
| **Entity:** | Northfield Insurance Company<br>Entity ID Number  2319164 |
| **Entity Served:** | Northfield Insurance Company |
| **Title of Action:** | Galleria Hotel Investments, LLC d/b/a Days Inn, Houston vs. Northfield Insurance Company |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, Texas |
| **Case/Reference No:** | 201675312 |
| **Jurisdiction Served:** | Connecticut |
| **Date Served on CSC:** | 11/11/2016 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | Travelers on 11/11/2016 |
| **How Served:** | Client Direct |
| Sender Information: | Scott G. Hunziker<br>713-861-0015 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

CAUSE NO.  201675312

RECEIPT NO.            0.00     MTA
\*\*\*\*\*\*\*\*\*             TR# 73305564

| | |
|---|---|
| PLAINTIFF: GALLERIA HOTEL INVESTMENTS LLC (DBA DAYS INN HOUSTON)<br>vs.<br>DEFENDANT: NORTHFIELD INSURANCE COMPANY | In The   152nd<br>Judicial District Court<br>of Harris County, Texas<br>152ND DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

*CORPORATE LITIGATION*
*HARTFORD*

*NOV 1 1 2016*

*RECEIVED AM*

TO: NORTHFIELD INSURANCE COMPANY
    OR PHYSICAL ADDRESS 505 5TH AVE STE 729 DES MOINES IA 50309-2318
    OR WHEREVER IT MAY BE FOUND
    1  TOWER SQ   HARTFORD  CT  06183 - 0001
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE</u>

This instrument was filed on the <u>31st day of October, 2016</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 31st day of October, 2016, under my hand and seal of said Court.

Issued at request of:
HUNZIKER, SCOTT GARYT
26619  INTERSTATE 45
THE WOODLANDS, TX  77380
Tel: (713) 861-0015
Bar No.: 24032446

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: OVALLE, MONICA  K7U//10526383

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 4:00 o'clock P .M., on the 4th day of November , 2016

Executed at (address) _____ in

_____ County at _____ o'clock ____.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

_____
_____ of _____County, Texas

By _____
                        Deputy

_____
        Affiant

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
                 Notary Public

N.INT.CITR.P                 \*73305564\*

10/29/2016 8:19:29 AM
Chris Daniel - District Clerk Harris County
Envelope No. 13515897
By: Monica Ovalle
Filed: 10/31/2016 12:00:00 AM

CAUSE NO. _____

| | | |
|---|---|---|
| GALLERIA HOTEL INVESTMENTS, | § | IN THE DISTRICT COURT |
| LLC D/B/A DAYS INN, HOUSTON, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | HARRIS COUNTY, TEXAS |
| | § | |
| NORTHFIELD INSURANCE COMPANY, | § | |
|     Defendant. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Galleria Hotel Investments, LLC d/b/a Days Inn, Houston (hereinafter "Plaintiff"), and complains of Northfield Insurance Company (hereinafter "Northfield Insurance"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of Houston, in Harris County, Texas.

## PARTIES

3.      Plaintiff is an individual whose residence is located in Houston, Harris County, Texas.

4.      Northfield Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Northfield Insurance may be served with Citation and a copy of this Petition, by serving it at its principal address, 1 Tower Sq, Hartford CT 06183-0001, or physical address, 505 5th Ave Ste 729, Des Moines IA 50309-2318 or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 3333 Fountainview Dr., Houston, Texas 77057, (the "Property"). In addition to seeking economic and penalty based damages from Northfield Insurance, Plaintiff also seeks compensation from Northfield Insurance for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Northfield Insurance to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through its commercial policy, CPS1681610, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around March 25, 2015, the Property suffered incredible damage due to storm related conditions.

9.     In the aftermath, Plaintiff relied on Northfield Insurance to help begin the rebuilding process. By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

10.    Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion. Moreover, its commercial policy covered Plaintiff during the time period in question.

11.    Despite Plaintiff's efforts, Northfield Insurance continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.    Moreover, Northfield Insurance has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.    In the months following, Plaintiff provided information to Northfield Insurance, as well as provided opportunities for Northfield Insurance to inspect the Property. However, Northfield Insurance failed to conduct a fair investigation into the damage to the Property. Moreover, Northfield Insurance failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.    Despite Northfield Insurance's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Northfield Insurance. Further, Plaintiff made inquiries regarding the status of the losses, and payments.    Regardless, Northfield Insurance failed and refused to respond to the inquiries, and failed to properly adjust the claim

and the losses. As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

15.     Northfield Insurance has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Northfield Insurance has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made. Northfield Insurance did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Northfield Insurance has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Northfield Insurance in a timely manner.

17.     Northfield Insurance has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Northfield Insurance that failed to conduct a reasonable investigation. Ultimately, Northfield Insurance performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Northfield Insurance has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Northfield Insurance. Unfortunately, Plaintiff has, therefore, been

forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.    In addition, Northfield Insurance has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

<u>**CONDITIONS PRECEDENT**</u>

21.    All conditions precedent to recovery by Plaintiff has been met or has occurred.

<u>**AGENCY**</u>

22.    All acts by Northfield Insurance were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Northfield Insurance and/or were completed in its normal and routine course and scope of employment with Northfield Insurance.

<u>**CLAIMS AGAINST DEFENDANT**</u>

23.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

**A.**
**BREACH OF CONTRACT**

24.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25.     According to the policy that Plaintiff purchased, Northfield Insurance had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

26.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, Northfield Insurance has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses. As a result of this breach, Plaintiff has suffered actual and consequential damages.

### B.
### VIOLATIONS OF TEXAS INSURANCE CODE

28.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29.     Northfield Insurance's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058). Specifically, Northfield Insurance engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

a.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

b.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or

    c.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

30.    As a result of Northfield Insurance's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.  Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## C.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

31.    Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32.    By its acts, omissions, failures and conduct, Northfield Insurance has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

33.    Northfield Insurance has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Northfield Insurance knew or should have known that it was reasonably clear that Plaintiff's storm-related

claims were covered. These acts, omissions, failures, and conduct by Northfield Insurance is a proximate cause of Plaintiff's damages.

**WAIVER AND ESTOPPEL**

34.    Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35.    Northfield Insurance has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

**DAMAGES**

36.    Northfield Insurance's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

37.    More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000. This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

**JURY DEMAND**

38.    Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

39.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Northfield

Insurance disclose all information and/or material as required by Rule 194.2, paragraphs (a)

through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

40.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Requests for Production.

> a.     Please produce Northfield Insurance complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

> b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

> c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

> d.     Please produce the electronic diary, including the electronic and paper notes made by Northfield Insurance claims personnel, contractors, and third party adjusters/ adjusting firms relating to the Plaintiff's claims.

> e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

> f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

> g.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

> h.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

    i.    Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Northfield Insurance intends to offer these items into evidence at trial.

## INTERROGATORIES

41.    Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

    a.    Please identify any person Northfield Insurance expects to call to testify at the time of trial.

    b.    Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

    c.    If Northfield Insurance or Northfield Insurance's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Northfield Insurance or any of Northfield Insurance's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

    d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Northfield Insurance's investigation.

    e.    Please state the following concerning notice of claims and timing of payment:

        i.    The date and manner in which Northfield Insurance received notice of the claim;

        ii.    The date and manner in which Northfield Insurance acknowledged receipt of the claim;

        iii.    The date and manner in which Northfield Insurance commenced investigation of the claim;

        iv.    The date and manner in which Northfield Insurance requested from the claimant all items, statements, and forms that Northfield Insurance reasonably believed, at the time, would be required from the claimant; and

        v.    The date and manner in which Northfield Insurance notified

the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by Northfield Insurance, or on Northfield Insurance's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date Northfield Insurance anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Northfield Insurance's document retention policy.

j.    Does Northfield Insurance contend that the insured premises was damaged by storm-related events and/or any excluded peril? If so, state the general factual basis for this contention.

k.    Does Northfield Insurance contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.    Does Northfield Insurance contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?  If so, state the general factual basis for this contention.

m.    How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

        i.    what performance measures are used; and
       ii.    describe Northfield Insurance's bonus or incentive plan for adjusters.

## CONCLUSION

Plaintiff prays that judgment be entered against Northfield Insurance Company, and that

Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest,

---

additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Northfield Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/  *Scott G. Hunziker*
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
ATTORNEY FOR PLAINTIFF

**DVA CONSULTING SERVICES**
**106 JACOBS MEADOW DRIVE**
**CONROE, TX 77384**



CERTIFIED MAIL

7016 0600 0000 1884 1699



Northfield Insurance Company
1 Tower Sq.
Hartford, CT 06183-0001

**Harrell, Torrence**

| | |
|---|---|
| **From:** | Delgado,Wilma <WDELGAD1@travelers.com> |
| **Sent:** | Friday, November 11, 2016 2:14 PM |
| **To:** | TravelersSOP |
| **Cc:** | Service-of-Process-Coordinator |
| **Subject:** | Travelers Direct 11/11/16 |
| **Attachments:** | AAA First Class Towing & Collision Corp(ns).pdf; Galleria Hotel v. Northfield Ins Co(s).pdf; Billy Hamilton v. Northfield Ins Co(s).pdf; Antonio Garcia Bonilla(ns).pdf; Alexis Allison v. Brookelynn D Sorvillo(s).pdf |

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.

**CAUSE NO. 201675312**

| | | |
|---|---|---|
| **GALLERIA HOTEL INVESTMENTS,** | § | **IN THE DISTRICT COURT OF** |
| **LLC D/B/A DAYS INN, HOUSTON** | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **NORTHFIELD INSURANCE** | § | |
| **COMPANY** | § | **152ND JUDICIAL DISTRICT** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Northfield Insurance Company, the defendant in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, Northfield Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
NORTHFIELD INSURANCE COMPANY

**CERTIFICATE OF SERVICE**

I do hereby certify that on the 1st day of December, 2016, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
Greg C. Wilkins

2