**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GALLERIA HOTEL INVESTMENTS,** | § | |
| **LLC D/B/A DAYS INN, HOUSTON** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:16-CV-03538** |
| | § | |
| **NORTHFIELD INSURANCE COMPANY,** | § | |
|     **Defendant.** | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Galleria Hotel Investments, LLC d/b/a Days Inn, Houston (hereinafter "Plaintiff"), and complains of Northfield Insurance Company (hereinafter "Northfield Insurance"). In support of its claims and causes of action, Plaintiff would respectfully show the Court as follows:

### PARTIES

1.    Plaintiff is an individual whose residence is located in Houston, Harris County, Texas.

2.    Northfield Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Northfield Insurance has been properly duly served and has filed its Answer.

## BACKGROUND

3.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 3333 Fountainview Dr., Houston, Texas 77057, (the "Property").   In addition to seeking economic and penalty based damages from Northfield Insurance, Plaintiff also seeks compensation from Northfield Insurance for damages caused by improperly investigating the extensive losses associated with this case.

4.      Plaintiff owns the Property.

5.      Prior to the occurrence in question, Plaintiff purchased a commercial insurance policy from Northfield Insurance to cover the Property at issue in this case for a loss due to storm-related events. Plaintiff's Property suffered storm-related damage. Through its commercial policy, CPS1681610, Plaintiff was objectively insured for the subject loss by Defendant.

6.      On or around March 25, 2015, the Property suffered incredible damage due to storm related conditions.

7.      In the aftermath, Plaintiff relied on Northfield Insurance to help begin the rebuilding process.  By and through its commercial policy, Plaintiff was objectively insured for the subject losses in this matter.

8.      Pursuant to its obligation as a policyholder, Plaintiff made complete payment of all commercial insurance premiums in a timely fashion.  Moreover, its commercial policy covered Plaintiff during the time period in question.

9.      Despite Plaintiff's efforts, Northfield Insurance continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

10.     Moreover, Northfield Insurance has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

11.     In the months following, Plaintiff provided information to Northfield Insurance, as well as provided opportunities for Northfield Insurance to inspect the Property.   However, Northfield Insurance failed to conduct a fair investigation into the damage to the Property. Moreover, Northfield Insurance failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

12.     Despite Northfield Insurance's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Northfield Insurance.  Further, Plaintiff made inquiries regarding the status of the losses, and payments.   Regardless, Northfield Insurance failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiff has not received proper payment for its claim, even though notification was provided.

13.     Northfield Insurance has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.   Northfield Insurance has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.  Northfield Insurance did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

14.     Northfield Insurance has further failed to affirm or deny coverage within a reasonable time.   Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Northfield Insurance in a timely manner.

15.     Northfield Insurance has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Northfield Insurance that failed to conduct a reasonable investigation.   Ultimately, Northfield Insurance performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

16.     Northfield Insurance has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

17.     As a result of the above issues, Plaintiff did not receive the coverage for which it had originally contracted with Northfield Insurance.   Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

18.     In addition, Northfield Insurance has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.   As indicated below, Plaintiff seeks relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## **CONDITIONS PRECEDENT**

19.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

20.     All acts by Northfield Insurance were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Northfield Insurance and/or were completed in its normal and routine course and scope of employment with Northfield Insurance.

## CLAIMS AGAINST DEFENDANT

21.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## A.
## BREACH OF CONTRACT

22.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

23.     According to the policy that Plaintiff purchased, Northfield Insurance had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

24.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

25.     Despite objective evidence of such damages, Northfield Insurance has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the cost to properly repair Plaintiff's Property, as well as for related losses.  As a result of this breach, Plaintiff has suffered actual and consequential damages.

**B.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

26.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

27.     Northfield Insurance's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Northfield Insurance engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;
>
> b.      Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or
>
> c.      Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

28.     As a result of Northfield Insurance's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf.   Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

**C.**
**BREACH OF THE COMMON-LAW DUTY**
**OF GOOD FAITH AND FAIR DEALING**

29.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

30.     By its acts, omissions, failures and conduct, Northfield Insurance has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

31.     Northfield Insurance has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Northfield Insurance knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.  These acts, omissions, failures, and conduct by Northfield Insurance is a proximate cause of Plaintiff's damages.

**WAIVER AND ESTOPPEL**

32.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

33.     Northfield Insurance has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## **DAMAGES**

34.     Northfield Insurance's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

35.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.  This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## **JURY DEMAND**

36.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## **CONCLUSION**

Plaintiff prays that judgment be entered against Northfield Insurance Company, and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it is due as a result of the acts of Northfield Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

*(Signature on Following Page)*

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**


/s/  *Scott G. Hunziker*
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
ATTORNEY FOR PLAINTIFF



## CERTIFICATE OF SERVICE

I hereby certify that on  February 15, 2017, a true and correct copy of the foregoing was served on all counsel of record, via the Court's electronic filing system or as indicated below, pursuant to Federal Rules of Civil Procedure 5(b), as follows:

Travelers Lloyds of Texas
c/o Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
Orgain Bell & Tucker, LLP
P.O. Box 1751
Beaumont, TX 77704-1751
gcw@obt.com


/s/ *Scott G. Hunziker*
Scott G. Hunziker